UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

H.H. Franchising Systems, Inc.,

    Plaintiff,

        v.          Case Number: 1:19cv961

            Judge Michael R. Barrett

Madalena Robo, *et al.*,

    Defendants,

## OPINION & ORDER

This matter is before the Court upon Plaintiff's Motion for Default Judgment. (Doc. 12).  On July 1, 2020, the Court held a hearing on Plaintiff's Motion.  (Doc. 15).

### I.    BACKGROUND

This case arises out of a ten-year "Franchise Agreement" entered into by Plaintiff and Defendants on March 18, 2015.  (Doc. 1, PAGEID# 15).   Plaintiff claims that in May 2018, Defendants breached their obligation under the Franchise Agreement by failing to pay various fees.  Defendants were served with the Complaint, but failed to timely respond.  (Docs. 6, 7).  The Clerk entered default on April 13, 2020.  (Doc. 11).  In its Motion, Plaintiff requests an entry of default judgment against Defendants in the amount of $203,754.88.  (Id.)

Plaintiff claims damages in four categories: (1) past-due monthly Royalties; (2) past-due National Branding Fees; (3) past-due Technology Fees; and (4) future fees.  In the Franchise Agreement, Defendants agreed to pay a minimum balance for each category of fee, plus any additional late and interest fees.  In support of its Motion, Plaintiff has submitted the affidavit of William Burlingham, who is the Chief Financial

Officer for Plaintiff.  (Doc. 12, PAGEID# 99).  According to the affidavit, the minimum royalty payment owed by Defendants from May 2018 to April 2020 is $38,400.00, plus $9,966.40 in late fees, totaling $48,366.40. The National Branding Fees owed by Defendants from the date of breach to present was determined to be $11,500.00 plus $3,145.75 in late fees, totaling $14,645.75.  The Technology Fees owed by Defendants was $1,350.00 plus $254.73 in late fees, totaling $1,604.73.  To determine future fees, Plaintiff added all potential future Royalty, National Branding, and Technology Fees that Defendant would have paid before the expiration of the Franchisee Agreement on March 18, 2025.  The total amount of future fees claimed by Plaintiff is $139,138.00.  (Doc. 12, William Burlingham Aff., PAGEID# 104).

Under the Franchise Agreement, the Franchisee's failure "to pay when due any sum required to be paid" constitutes a "default."  (Doc. 1, PAGEID# 50).  When a default occurs, the Franchisor "may elect to terminate the Agreement."  (Doc. 1, PAGEID# 49). Plaintiff explains that it sent various "verbal and emailed notices of default" to Defendants and sent a "final notice" in February 2018.  (Doc. 12, PAGEID# 101).

While the Franchise Agreement establishes that Defendants are required to pay damages resulting from a default under the Franchise Agreement, the Franchise Agreement does not specifically provide for future fee recovery.  (Doc. 1, PAGEID# 52). The Franchise Agreement merely provides that when the Franchisee has defaulted and taken no action to cure it, the Franchisee must pay to Franchisor "all damages, costs and expenses incurred by Franchisor as a result of any such default, including, but not limited to, reasonable attorney and accounting fees."  (Doc. 1, PAGEID# 52).

2

**II.     ANALYSIS**

The entry of default judgment is a "remedy of last resort, and always remains within a Court's discretion." *Lucas v. Desilva Automotive Services*, 1:16-CV-790, 2019 WL 3555968, at *6 (S.D. Ohio Aug. 5, 2019). The court, in addition to determining whether default judgment should be entered, is required to exercise judicial discretion when determining the appropriate amount of damages awarded. *Herbilicious Music v. 4932 W. Broad St., Inc.*, 2:06CV0254, 2007 WL 1464554, at *1 (S.D. Ohio May 17, 2007). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Plaintiff has provided evidence that Defendants were in "default" under the Agreement and it notified Defendants of the "default." When such a default by the Franchisee occurs, the Agreement provides that the Franchisor "may elect to terminate the Agreement." (Doc. 1, PAGEID# 49). While the Agreement provides that in the event of a "default," the Franchisor must pay "all damages, costs and expenses incurred by Franchisor as a result of any such default, including, but not limited to, reasonable attorney and accounting fees," the Franchise Agreement in this case has no clear provision on awarding future damages, nor does it contain a provision on liquidated damages.

3

Courts are divided on a franchisor's entitlement to lost future royalties when the franchisor terminated the franchise relationship. Most of the disagreement centers on a decision by the California Court of Appeals: *Postal Instant Press, Inc. v. Sealy*, 43 Cal. App. 4th 1704 (Cal. App. 1996). In *Sealy*, the franchisor sought $77,300 in unpaid past royalties and $495,699 in lost future royalties, following the franchisee's failure to make payments required by the Franchise Agreement. *Id.* at 1708. The California court found that the franchisee's failure to pay was not the "proximate cause of the franchisor's loss of future royalties." *Id.* at 1711. Rather, it was the franchisor's decision to terminate the Agreement that prevented recovery. *Id.* The court noted that the award of future royalties would amount to "unreasonable, unconscionable [and] grossly oppressive" damages. *Id.* at 1713. While the *Sealy* decision has been met with extensive criticism, a handful of courts have followed its holding. *See, e.g., I Can't Believe It's Yogurt v. Gunn*, CIV.A.94-OK-2109-TL, 1997 WL 599391 (D. Colo. Apr. 15, 1997) (denying lost future royalties to a frozen yogurt franchisor that had terminated its franchisee for failure to make payments due under the franchise agreement).

The Sixth Circuit has declined to adopt the *Sealy* court's proximate cause analysis. In *American Speedy Printing Centers, Inc. v. AM Marketing, Inc.*, a franchisor terminated a franchise agreement after the franchisee failed to pay royalties. 69 Fed.Appx. 692, 694 (6th Cir. 2003). Applying Michigan law, the Sixth Circuit relied on traditional contract principles to award the franchisor of $55,789 in past royalties and $115,616 in lost future royalties. *Id.* at 699. The court reasoned that a franchisor was "entitled to all damages necessary to be put in a position equivalent to that in which it would find itself if the

4

agreement continued in effect for the full twenty years." *Id.* at 698.

Other federal courts have concluded that *Sealy* does not preclude an award of lost future royalties where the franchisee has abandoned the franchise. *See Leisure Sys., Inc. v. Roundup, LLC*, No. 1:11-CV-384, 2013 WL 12178132, at *5 (S.D. Ohio Jan. 23, 2013) (citing *Meineke Car Care Ctrs., Inc. v. RLB Holdings, LLC*, 423 Fed.Appx. 274, 282-83 (4th Cir. 2011); *Morgan Indus., Inc. v. Mr. Transmission of Chattanooga, Inc.*, 725 F. Supp. 2d 712, 719 (E.D. Tenn. 2010)).

Here, there is no evidence that Defendants continue to operate the franchise. Instead, it appears that they have abandoned the franchise. There is no evidence that the Agreement would not have been performed for the remainder of the ten-year term. For instance, there is nothing in the record to support a claim of a material breach by Plaintiff and there is no provision providing for the termination of the contract by Defendants. *See Am. Speedy Printing Centers*, 69 F. App'x 692, 699 ("Because the franchise contract does not provide for the termination of the contract by defendants in the absence of a material breach by the franchisor, any unilateral decision by AM Marketing to end the franchise relationship would constitute a breach of the agreement, entitling Allegra to the same future profits at issue in this case."). There is also no evidence which would create uncertainty as to the fact of future profits or royalties. *Id.* Finally, there is no evidence that future profits or royalties could be mitigated by replacing Defendants with another franchisee.

Therefore, the amount of damages claimed by Plaintiff can be calculated from the evidence and affidavit submitted by Plaintiff. The total amount of future fees until the

expiration of the Franchisee Agreement on March 18, 2025 is $139,138.00. The amount of past-due royalties from May 2018 to April 2020 is $38,400.00, plus $9,966.40 in late fees, totaling $48,366.40. The National Branding Fees owed by Defendants from the date of breach to present was determined to be $11,500.00 plus $3,145.75 in late fees, totaling $14,645.75. The Technology Fees owed by Defendants was $1,350.00 plus $254.73 in late fees, totaling $1,604.73. Accordingly, Defendants are entitled to judgment in the amount of $203,754.88.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment (Doc. 12) is **GRANTED**. It is hereby **ORDERED** that Default Judgment is entered in the amount of $203,754.88, as calculated above.

**IT IS SO ORDERED.**

       */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge